UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
CRISTINA THERIAULT on behalf of herself and all others : 
similarly situated, : Case No. Civ.
 :
 : COLLECTIVE ACTION
                           Plaintiffs, : COMPLAINT
      - against - :
 :
PACE UNIVERSITY, :
 :
                           Defendant. :
------------------------------------------------------------------------ X

      Plaintiff Cristina Theriault on behalf of herself and all others similarly situated (collectively referred to as "Plaintiffs"), by and through her attorneys Shulman Kessler LLP, complaining of the Defendant Pace University ("Defendant") alleges as follows:

## INTRODUCTION

      1.    This is a collective action on behalf of Plaintiff Cristina Theriault and current and former graduate assistants at Pace University's Center for Student Development and Campus Activities ("graduate assistants"), which seeks to recover unpaid minimum wage, unpaid overtime wages, and damages for notice and record-keeping violations.

      2.    Defendant requires graduate assistants in the Center for Student Development and Campus Activities ("CSDCA") to work a minimum of 20 hours per week in the office, in addition to attending numerous events and meetings during nights and weekends, answering e-mails and phone calls outside the office, and completing a large amount of mandatory job duties which causes the graduate assistants to at times work over 40 hours a week without overtime pay.

      3.    Defendant requires graduate assistants to attend trainings before each academic semester for which they are compensated below the minimum wage.

1

4. Plaintiff brings this action on behalf of herself and all similarly situated current and former graduate assistants at the Pace University's Center for Student Development and Campus Activities who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., ("FLSA"), specifically the collective action provision of 29 U.S.C. § 216(b), to remedy Defendant's violations of the wage-and-hour provisions of the FLSA.

## JURISDICTION & VENUE

5. Jurisdiction of the Court over this controversy is based upon, 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337.

6. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

7. Defendant's principal place of business is 1 Pace Plaza, New York, New York 10038.

8. Plaintiffs worked for Defendant at their university located at 861 Bedford Road, Pleasantville, New York 10570.

9. Accordingly, this action properly lies in the Southern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

*Plaintiff Cristina Theriault*

10. Cristina Theriault is a resident of the State of Connecticut and was a resident of the State of New York.

11. At all times relevant to the Complaint, Cristina Theriault was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

12. At all times relevant, Cristina Theriault was employed by Defendant as a graduate assistant in the Pace University Center for Student Development and Campus Activities ("CSDCA").

13. Cristina Theriault expressed her consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (*See* Exhibit A).

*Defendant Pace University*

14. Upon information and belief, Defendant Pace University is authorized to do business pursuant to the laws of the State of New York.

15. Upon information and belief, Defendant Pace University has a place of business located at 861 Bedford Road, Pleasantville, NY 10570.

16. Upon information and belief, Defendant Pace University maintains control, oversight, and direction over its operations and employment practices.

17. Upon information and belief, Defendant Pace University was and still is a university.

18. At all times hereinafter mentioned, Defendant Pace University was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

19. At all times hereinafter mentioned, Defendant Pace University employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

## FLSA COLLECTIVE ACTION CLAIMS

20.     Upon information and belief, there are approximately 23 current and former graduate assistants for the CSDCA that are similarly situated to Plaintiff who were not paid overtime and the minimum wage for all hours worked.

21.     Plaintiff sues on her own behalf and as the class representative (hereinafter, the "Class Representative") and brings the First Cause of Action and the Third Cause of Action on behalf of herself and all similarly situated persons who have worked for Defendant as graduate assistants in the CSDCA and elect to opt-in to this action.

22.     The Class Representative represents other graduate assistants in CSDCA, and is acting on behalf of the interests of those graduate assistants, as well as her own interests in bringing this action.

23.     Defendant unlawfully required the Class Representative and all individuals employed as graduate assistants in the CSDCA to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least 1 and ½ times their regular hourly rate.

24.     The Class Representative seeks to proceed as a collective action with regard to the First Cause of Action and the Third Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following class of persons:

> All graduate assistants for Pace University's Center for Student Development & Campus Activities who are currently or have been employed by Defendant Pace University and were paid less than the regular hourly minimum wage and were not paid overtime for all hours they worked over 40 per workweek at any time during the three years prior to the filing of their respective consent forms (hereinafter, the "FLSA Collective").

25. Defendant was aware or should have been aware that the law required them to pay the regular minimum wage for all hours worked including training to employees, including Plaintiff and the FLSA Collective.

26. The FLSA Collective is readily identifiable and locatable through use of the Defendant's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of their minimum wage pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## PLAINTIFF'S FACTUAL ALLEGATIONS

*Plaintiff Cristina Theriault*

27. Cristina Theriault was an employee of Defendant, working under their direct supervision and control.

28. Cristina Theriault had no opportunity for profit or loss.

29. Cristina Theriault did not invest at all into Defendant's business.

30. Cristina Theriault's work was integral to Defendant's business.

31. Cristina Theriault was employed by Defendant from August 2014 until in or about May 2016 as a graduate assistant for the CSDCA.

32. From about August 2014 until in or about May 2015, Cristina Theriault was a graduate assistant for Leadership Initiatives program. From about August 2015 until in or about May 2016, Cristina Theriault was a graduate assistant for the Greek Life program. Both positions were under the CSDCA.

33. As a graduate assistant for the CSDCA, Cristina Theriault was required to work a minimum of 20 hours per week at the office. She was also required to work many hours outside the office, including many nights and weekends.

34. Specifically, during her employment as a graduate assistant for the Greek Life program, in addition to the twenty hours of office work, Cristina Theriault was required to attend all Greek Life meetings, assist with Greek Life events that occurred during nights and weekends including in their set-up and clean-up, communicate with students and staff via phone and e-mail, and complete other mandatory work tasks.

35. During her employment as a graduate assistant for the Leadership Initiatives program, in addition to the 20 hours of office work, Cristina Theriault was required to teach and prepare the curriculum for a weekly leadership class, organize and attend leadership events that occurred during nights and weekends, advise students, communicate with students and staff via phone and e-mail, and complete other mandatory work tasks.

36. During the duration of her employment Cristina Theriault often worked over 40 hours a week and was not paid at an overtime rate of time and a half.

37. Defendant paid Cristina Theriault a $2,550 stipend per semester and 12 credits in tuition for all the hours she worked.

38. In addition to work during the academic semesters, Cristina Theriault was required to attend mandatory training sessions for approximately two weeks in the summer and one week in the winter where she received a small stipend per week that she worked. Often this stipend did not meet the minimum wage.

39. Upon information and belief, Defendant did not keep accurate records of hours worked by Cristina Theriault.

40. Defendant failed to furnish Cristina Theriault with accurate statements of wages listing all hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

41. Defendants failed to furnish Cristina Theriault with an accurate wage notice.

### FIRST CAUSE OF ACTION

**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

42. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

43. Plaintiff and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

44. Defendant employed Plaintiff and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate them for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and ½ times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

45. Plaintiff has expressed her consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

46. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiff and the FLSA Collective.

47. Because Defendant's violations of the FLSA were willful, a 3 year statute of limitations applies, pursuant to 29 U.S.C. § 255.

48. As a consequence of the willful underpayment of wages, alleged above, Plaintiff and members of the FLSA Collective incurred damages thereby and Defendant is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**NYLL – Unpaid Overtime**
**(Brought on behalf of Plaintiff)**

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendant employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and ½ times their regular hourly rate, in violation of the requirements of NYLL.

51. By the course of conduct set forth above, Defendant has violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. Part 142-2.2.

52. Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff.

53. Defendant has a policy and practice of failing to pay overtime compensation to Plaintiff.

54. Defendant's failure to pay overtime compensation to Plaintiff was willful within the meaning of N.Y. Lab. Law § 663.

55. As a consequence of the willful underpayment of wages, alleged above, Plaintiff incurred damages thereby and Defendant is indebted to her in the amount of the unpaid overtime compensation and such other legal and equitable relief due to Defendant's unlawful and willful conduct, as the Court deems just and proper.

56. Plaintiff seeks recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendant as provided by the NYLL.

## THIRD CAUSE OF ACTION
### FLSA – Unpaid Minimum Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

57. Plaintiff, on behalf of herself and the FLSA Collective, realleges and incorporates by reference all allegations in all preceding paragraphs.

58. At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce and or in the production of good for commerce within the meaning of FLSA, 29 U.S.C. §203.

59. At all relevant times, Defendant employed "employee[s]" including Plaintiff and the FLSA Collective Members.

60. Defendant was required to pay Plaintiff and the members of the FLSA Collective at the applicable New York State minimum wage rate for all hours worked.

61. Defendants willfully failed to pay Plaintiff and the members of the FLSA Collective the minimum wage that they are entitled to receive.

62. Defendant required Plaintiff and members of the FLSA Collective to attend trainings without compensating them the full minimum wage for every hour they were training.

63. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendants are aware or should have been aware that the practices described in this Collective Action Complaint were unlawful.

64. Defendant's did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the FLSA Collective.

65. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

66. Plaintiff has expressed her consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

67. As a consequence of the willful underpayment of wages, alleged above, Plaintiff and the members of the FLSA Collective have suffered damages by being denied minimum wage in accordance with the FLSA, in an amount to be determined at trial and are entitled to recovery of such amounts, liquidated damages, together with prejudgment interest, liquidated damages, attorneys' fees, and costs and other compensation pursuant to 29 USC §§ 201 *et seq*.

## FOURTH CAUSE OF ACTION
### NYLL – Unpaid Minimum Wage
### (Brought on behalf of Plaintiff)

68. Plaintiff, on behalf of herself, realleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants have engaged in a widespread pattern, policy and practice of violating the NYLL as detailed in this Collective Action Complaint.

70. At all relevant times Plaintiff was an employee of Defendant.

71. At all relevant times Defendant was the employer of the Plaintiff within the meaning of NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

72. At all relevant times Plaintiff was covered by the NYLL.

73. Defendant was required to pay Plaintiff at the applicable New York State minimum wage rate for all hours worked.

74.     Defendants willfully failed to pay Plaintiff the minimum wage that she is entitled to receive under the NYLL.

75.     Through Defendant's knowing or intentional failure to pay the required minimum hourly wage to Plaintiff, Defendant willfully violated the NYLL, Article 19 §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

76.     Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover from Defendant their unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**NYLL – Notice and Record-Keeping Requirement Violation**
**(Brought on behalf of Plaintiff)**

77.     Plaintiff on behalf of herself, realleges and incorporates by reference all allegations in all preceding paragraphs.

78.     Defendant failed to provide Plaintiff with a wage notice as required by NYLL Article 6 § 195(1), in English or the language identified as her primary language, containing Plaintiff's rate of pay, basis of this rate of pay, whether paid by the hour, shift, day, week, salary or commission or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL Article 6 § 191; the name of the employer and any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business: and a mailing address if different; the telephone number of the employer; plus other information that the commissioner deems material and necessary.

79.     Defendant willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL Article 6 §195 (3), containing the dates of work covered by that payment of

wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

80. Through their knowing and intentional failure to provide Plaintiff with wage notices required by the NYLL, Defendant has willfully violated NYLL Article 6 §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations.

81. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendant has willfully violated NYLL Article 6 §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations.

82. As a result of Defendant's failure to provide a wage notice to Plaintiffs, Plaintiff is entitled to damages of $50 for each workweek Defendant failed to provide Plaintiff with a wage notice or a total of $2,500, reasonable attorneys' fees, costs and injunctive and declaratory relief as provided for by of NYLL Article 6 §198(1-b).

83. Due to Defendant's violations of NYLL § 195, for each workweek that Defendant failed to provide a proper wage statement to Plaintiff from January 1, 2012, through February 26, 2015, Plaintiff is entitled to damages of $100, or a total of $2,500, as provided for by NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

84. Due to Defendant's violations of NYLL § 195, for each day that Defendant failed to provide a proper wage statement from February 27, 2015 through the present, Plaintiff is entitled to damages of $250, or a total of $5,000, as provided for by NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of herself and all others similarly situated, seek the following relief:

A. Designation that of this action as a collective action on behalf of the FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims and state claims in this action by filing an individual Consent to Sue form pursuant to 29 U.S.C. § 216(b);

B. Unpaid minimum wage and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid minimum wage and liquidated damages permitted by law pursuant to NYLL;

D. Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

E. Unpaid overtime and liquidated damages permitted by law pursuant to NYLL;

F. Liquidated damages relating to lost wages, as provided for by FLSA § 216(b) and the NYLL;

G. Statutory penalties of $50 for each workweek Defendant failed to provide Plaintiff with a wage notice or a total of $2,500, reasonable attorneys' fees, costs and injunctive and declaratory relief as provided for by of NYLL Article 6 §198;

H. Statutory penalties for each workweek that Defendant failed to provide a proper wage statement during the period from January 1, 2012, through February 26, 2015.  Plaintiff is

entitled to damages of $100 for each workweek, or a total of $2,500, as provided for by NYLL § 198;

I. Statutory penalties for each day that Defendants failed to provide a proper wage statement from February 27, 2015 through the present. Plaintiffs are entitled to $250 per day or a total of $5,000, as provided for by NYLL § 198;

J. Pre-judgment interest and post-judgment interest as provided by law;

K. Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190, *et seq.*;

L. An injunction requiring Defendants to cease the unlawful activity described herein pursuant to N.Y. Lab. Law § 190, *et seq.*;

M. Reasonable incentive awards for the Class Representative to compensate her for the time spent attempting to recover wages for the Collective Class and for the risks they took in doing so;

N. Reasonable attorneys' fees and costs of the action; and

O. Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: Melville, New York
      December 21, 2016

                                            Your, etc.,

                                            SHULMAN KESSLER LLP

                                            By:   */s/ Saranicole A. Duaban*
                                                      Troy L. Kessler
                                                      Saranicole A. Duaban
                                            *Attorneys for Plaintiffs and the*
                                            *Putative FLSA Collective Class*
                                            534 Broadhollow Road, Suite 275
                                            Melville, New York 11747
                                            (631) 499-9100